May it please the Court, Steve Sadie from the Federal Defender on behalf of Mr. Calvert. After the Supreme Court's decision in Setzer, this Court should hold that under 3621B, the Bureau of Prisons has no authority to exercise its nunk-pro-tunk designation power in a manner that thwarts the intent of the Federal judge to impose a fully concurrent sentence. In the alternative, the Court should reinterpret Section 3585B to clarify that when a Federal sentencing judge explicitly references an existing state sentence, the state sentence is not another sentence within the meaning of the statute on credit for time prior to the commencement of the Federal sentence. In Setzer, the Supreme Court fundamentally changed the landscape for the construction of Federal sentencing statutes. Prior to Setzer, the premise for lower court decision-making regarding sentencing statutes included that the Bureau of Prisons had the power to make concurrent and consecutive decisions under its nunk-pro-tunk designation power. In Setzer, the Court explicitly rejected that and said that it is a sole judicial function to decide the question of concurrency and consecutive sentences because only the judiciary should be making the decision regarding the actual time in custody that a prisoner spends. Well, Setzer said that the district judge had the discretion. Did it say that only the district judge could speak, or did it say that the Bureau of Prisons could speak and the district court, if he spoke, trumped the Bureau of Prisons? I believe Justice Scalia's opinion repeatedly rejected 3621B, which is what both the defendant and the government in that case argued as the basis for how the concurrent consecutive decision should be made. And the Court explicitly rejected it. There is one refinement where they did acknowledge a role for the Bureau of Prisons. That was because of a strange thing in Setzer. That was that the State sentence was ordered to run concurrently to the Federal sentence. Then the State sentence imposed one consecutive, the other concurrent. And so the Supreme Court did say there may be a role for the Bureau of Prisons, but they also said that that role would involve a decision by the executive branch and judicial review through a 2241 petition. If we accept – well, let's go back. The premise of your argument is that the district court in the form of Judge Shea made the decision. What do we have to rely upon, given that Judge Shea did not take up the opportunity to reopen the sentence? I think that the Court can look at two specific places that are most clear. One, of course, is at page 116 of the excerpt of record, where during the sentencing colloquy itself, he says, I'm – you don't have a double counting beef here because you'll be covered by credit, and most importantly, he says, I declined to impose a consecutive sentence. So we know that he was intending to run a fully concurrent sentence, which is consistent with the 5G1.3b of the sentencing guidelines, although the mechanism there is recommended by the Bureau of Prisons. Mr. Sesser – Mr. Sesser, Mr. Sadie. We know the difference. Thank you. There is a little factual difference between Sesser in this case, isn't there, in that there was no State sentence imposed at the time in Sesser, and here there is one, so that the discretion of the district court judge in sentencing was as to an inchoate State sentence. Here we have a State sentence that was in place. Why isn't this simply a case of applying 3585b, 1 and 2, and saying that this man is not entitled to credit because he's already gotten credit against a State sentence? Two reasons, Your Honor. First, under the reasoning of Sesser, it's absolutely clear that 3621b is not a mechanism for taking over the judicial function, and the reasoning and mode of analysis under this Court's en banc opinion in Miller v. Gammey is controlling, so we don't just look at the narrow application. But the second factor is this is a stronger case for full concurrency because the judge knew exactly what the sentence was, whereas Justice Scalia in Sesser said there may be cases where you should forbear from saying anything because you really don't know what happened in the State case. Here, the Federal judge already knew exactly what happened and knew that exactly the same facts were taken into consideration and wanted it to run fully concurrently and said it explicitly, not only orally at 116, but also in the judgment itself where he said that. And the third place, I should point out, where he said he wanted it to run, he expected it to run fully concurrently, was his interpretation in response to the November 9th letter, pro se letter from Mr. Calvert, where he said you're going to get credit, this is not another sentence. And of course, under 3585b, we also say that not only 3621b designation had to be for respecting the intent of the sentencing judge, because now the Bureau of Prisons has no independent basis to clash with the Federal judge on whether it should be concurrent. But Congress clashed with the Federal judge, doesn't it? I mean, as I read 3585b, it says that the credit which shall be given is not given if it's credited against another sentence. And I think that what has – there are no cases that have explicitly looked at this question, what is another sentence in the context of a Federal sentence that explicitly spells out the intention of the sentencing judge, where that case is referred, is cross-referenced, the plain meaning of another, it's not another sentence. It is intended to be the same concurrent sentence. So I think – and what this would do – Mr. Sadie. Yes. There is a State sentence, right? And there's a Federal sentence. You're telling me there's only one sentence? Explain that to me. Another. Another means different from. It is not different from when there is an express cross-reference by the Federal judge. I think it's the plain language of the statute. There's sort of a melding or a merging of sentences? Also known as a concurrent sentence, which the Supreme Court in – construed 3584A to say that it is a strictly judicial function to decide how much – whether the sentence should be concurrent or consecutive. And the judge did so here, but the Bureau of Prisons is failing to respect the intention of the Federal sentencing judge. Based on Congress's statement of another sentence. I – first of all. You just say it's not – you say the State sentence is not another sentence. That is – we have alternative arguments. Yes, under 3585B, in light of Setzer, I think we need to take another look at it and say what is another sentence. I think there may be the shortest point – the shortest distance between two points may be simply to say 3621B, which was specifically addressed in Setzer, cannot be applied by the Bureau of Prisons in a form that fails to respect the Bureau of – the sentencing judge's expressed intention. The – if you look at the program statements and the basis for the Bureau of Prisons decision, they said we look to the recommendation of the judge, and then we look to what we think the interests of justice are. Their interest of justice has no place anymore after Setzer. And with the Court's permission, I'll reserve the remaining time. Thank you. White, and I represent Warden Thomas in this case. Your Honors, this case is actually entirely about prior custody credit and the application of 3585B. This case is simply about the Bureau of Prisons doing what they're required to do, and that's computing a prisoner's sentence after he's been sentenced. There are two things the Bureau must do after the sentence. First is to determine the commencement date, and second is to determine the prior custody credit. Although counsel is trying to force Setzer as an applicable case here, it really doesn't apply. Setzer had a very specific set of facts. And, in fact, when the Court did address, towards the end of the decision, prior custody credit, acknowledging Bureau of Prisons' role in determining prior custody credit, it specifically chose not to make any comment one way or another in Setzer about prior custody credit. So the fact that Setzer intentionally chose to avoid the issues that are addressed in this case shows that Setzer does not apply and certainly doesn't do anything to take away from the Bureau of Prisons' decision in applying prior custody credit here. The real issue in this case is that the Federal sentencing judge may have attempted to do to have the sentence run fully concurrent. The sentencing court did not apply a 5G1.3 adjustment, was given the opportunity. There was extensive attempts by the Federal defender to address the court and correct that, and the Court chose not to. In the ---- But was there any doubt at the time of sentencing what Judge Shea intended or thought he was going to impose, what the sentence he imposed would result in? I mean, he did say at the time of sentencing that what he understood or he anticipated was the sentences would be concurrent. Isn't that correct? That's correct, Your Honor. It does appear that the judge, his intent was to run the sentences concurrent. In fact, the language says to run the Federal sentence concurrent with the remaining unexpired State sentence, acknowledging, first of all, the language of 5G1.3, that there isn't a remainder of the State sentence, because we know that the Federal sentence doesn't begin until it actually commences. But secondly, Your Honor, the Court separates its recommendation for prior custody credit to a second portion of the judgment and commitment order where it's offering other recommendations to the Bureau of Prisons, such as where the inmate should be housed or whether or not that inmate should get a financial responsibility plan. These are recommendations the Bureau of Prisons gets all the time, and these are recommendations that the Bureau of Prisons can take, but certainly when they're following the statute in applying prior custody credit, the statute must prevail. Well, as I understand the government's position, it's not arguing that it's up to the Bureau of Prisons to decide how long the sentence is. The argument appears to be our hands are tied because the statute says it has to be this way. But when this way turns out to be something pretty clearly different from what the sentencing judge thought he was imposing, isn't there a disconnect there? There does seem to be a disconnect, and it's unfortunate that when the defense counsel went back to the judge to try and clarify, that in this case the judge did not take that opportunity to do so. But the fact remains. And that's one of the things that puzzles me, and it's what I started talking to Mr. Sady about, and then I went elsewhere. But let me put it to you, and maybe he can speak to it again. What can we glean from what happened when the case was returned to the Eastern District of Washington? Are you saying that apparently Judge Shea had changed his mind or decided not to proceed on the same grounds, the same path he started down at the beginning, or what? I can't speculate as to what the judge actually thought or as to why he made his decision I have my own opinions as to what this inmate, prisoner deserves as far as this concurrent, partially concurrent. But they're not asking you and they're not asking us what the sentence should be. That's the sentencing judge. I'm wondering if it's that Judge Shea thought that it was going to get taken care of in due course through the habeas process, if it turns out that that perception was wrong, that we affirm what the district court did here, is there room for a second for another opportunity to return to the Eastern District of Washington? Your Honor, I don't think that was the case. I think the judge was well aware of the fact, in fact, made aware of the fact by defense counsel that the District of Oregon's and the Ninth Circuit's hands were going to be tied under U.S. Wilson, that the Bureau of Prisons could not give this prior custody credit and, in fact, told the judge, this is your opportunity, you are in a better position to make this decision under a 5G 1.3 adjustment. The court was well aware of that, speculating, Your Honor, perhaps you revisited the law on 3585B and realized that his prior custody credit was only going to be not credited only for the amount that he was given for pre-sentence time. Well, he could have corrected it himself simply by changing the sentence. I mean, he could have eliminated the concurrent problem by reducing the Federal sentence by the amount of overlap that was lost. Absolutely, Your Honor. And that goes to the fact that it goes against counsel's argument that the Bureau of Prisons is somehow stepping on the toes of the Federal sentencing judge and taking away his ability to run a sentence fully concurrent, if that is the intent of the court. It certainly had the power to do so. The Bureau of Prisons is simply following statute. It's trying to follow the Federal district court's judgment and commitment order. However, they are confined by the Federal sentencing statutes. Does the sentencing court still have the power? Which brings me back to what I was posing before. Okay. Suppose we affirm what the habeas court has done, the District of Oregon has done. Is there still a possibility of returning the issue to the District of Washington, the original sentencing judge? Every district sort of does things a little bit differently as far as running their own sentencing.   And I'm not going to speak to formally, or in this case, there were several informal motions filed. I can't speak as to how the court would proceed on this, potentially, for the 2255 on this issue. If that was the case to what the court might do, I mean, you can't control the court. That's right. What would the United States do? I mean, if a – if we affirm and they attempt to go back to Judge Shea and say, well, okay, the ball really is in your court, is the government going to say, not been there, done that, can't do that again? If the court were to change the actual judgment and commitment, amend the judgment and commitment to either change the sentence or to grant the adjustment somehow, if that was done legally, then the Bureau of Prisons would honor that adjustment. No questions. Thank you. Mr. Sady. In response to your question, I believe that the judge was stating, I've looked at 3585B. My interpretation is that you get credit from the time of the arrest forward, and that's what my intention was. That's what my intention was when I said that I was not running it consecutively. But I think that one of the very important parts of what we just heard from the Bureau of Prisons needs to be really parsed carefully, and that is that the 3621B designation, NUNC PROTONC designation that occurred, has already been making decisions about concurrent consecutive. The Willis credit that was given, that's prior to the commencement of the sentence. And remember that 3585A says commencement begins with the designation to the arrival into Federal custody, which didn't happen in this case until much later. They are providing NUNC PROTONC designation as far to the date of the Federal sentencing. That has no statutory basis other than the Bureau of Prisons arrogating to itself judicial authority about the concurrent consecutive. If they can do it partially, they can do it for that remaining time between the end of the Willis credits, the imposition of the State sentence, and the beginning of the Federal imposition of sentence. That's the period of time that's at issue. That's the time that they have made a conscious decision to disrespect the Federal judge's expressed intentions, which is under the guidelines they are supposed to look at that recommendation. And I refer you to 1470 to 1471 of Setzer, that's 132, Supreme Court, 1470 to 71, where the Justice Scalia spells out exactly the factors that the Bureau of Prisons, that the government was arguing that the Bureau of Prisons should consider in making the concurrent consecutive decision, saying, no, those are not the decisions, it's the Federal judge under 3553a that makes the decision on concurrent consecutive. And what we have here is a block of time that is not being given, so they are only giving a partially concurrent sentence, when the judge has explicitly said, I want a fully concurrent sentence. Roberts. Thank you. We thank both counsel for your help for arguments. The case, the case just argued, is submitted.
judges: Tashima, Clifton, Bea